IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| PAUL JACOB CONE, II, | ) |
| | ) No. 8:18-cv-2119-DCN-JDA |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| ANDREW SAUL, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that the court affirm Acting Commissioner of Social Security Andrew Saul's ("Commissioner") decision denying claimant Paul Jacob Cone, II's ("Cone") application for disability insurance benefits ("DIB"). Cone filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the decision of the Commissioner.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

**A. Procedural History**

Cone filed an application for DIB on February 18, 2015, alleging an onset disability date of December 31, 2011. The Social Security Administration ("the Agency") denied Cone's application both initially and on reconsideration. Cone requested a hearing before an administrative law judge ("ALJ"), and ALJ Edward T.

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

1

Moriss presided over a hearing held on March 8, 2017.  In a decision issued on August 30, 2017, the ALJ determined that Cone was not disabled.  Cone requested Appeals Council review of the ALJ's decision on October 30, 2017.  This decision became the final decision of the Commissioner when the Appeals Council denied further review on July 13, 2018.

On August 1, 2018, Cone filed this action seeking review of the ALJ's decision.  ECF No. 1.  Magistrate Judge Austin issued an R&R on November 8, 2019, recommending that this court affirm the ALJ's decision.  ECF No. 20.  Cone filed objections to the R&R on November 14, 2019, ECF No. 21, to which the Commissioner responded on November 27, 2019, ECF No. 22.  The matter is now ripe for review.

**B.  Medical History**

Because the parties are familiar with Cone's medical history, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Cone's objections.  In 2008, when he was 47 years old, Cone was involved in a motorcycle accident.  Although he suffered no major spinal injuries as an immediate result of the accident, Cone reported neck, thoracic, and lower-back pain over the next three years until he ceased work on December 31, 2011.  Cone has been diagnosed with ankylosing spondylitis, an arthritic disease of the spine.  Prior to his alleged disability onset date, Cone worked as a trial lawyer.

**C.     ALJ's Decision**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Cone was disabled from his alleged onset date of December 31, 2011 until March 8, 2017, the date of his hearing, the ALJ employed the statutorily required five-step evaluation process. At step one, the ALJ found that Cone did not engage in substantial gainful employment during the period between his alleged onset date and his date of last insured. Tr. 19. At step two, the ALJ determined that

Cone suffered from the severe impairment of ankylosing spondylitis. Tr. 19–20. At step three, the ALJ found that Cone's impairment did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 20. Before reaching the fourth step, the ALJ determined that Cone retained the residual functional capacity to "perform light work as defined in 20 CFR [§] 404.1567(b)," noting that Cone can "stand and/or walk for a total of 6 hours in an 8-hour workday; sit for a total of 6 hours in an 8-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop kneel crouch and crawl; and occasionally reach overhead with upper extremities." Tr. 20–25. The ALJ therefore found, at the fourth step, that Cone was able to perform his past relevant work as a trial attorney. Tr. 25. Therefore, the ALJ concluded that Cone was not disabled under the meaning of the Social Security Act during the period at issue. Tr. 25–26.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III. DISCUSSION

Cone objects to the R&R on three grounds. First, Cone argues that the Magistrate Judge failed to apply the proper standard of review. Second, Cone objects to the R&R's finding that he failed to present medical evidence of record that showed a medical need to elevate his legs throughout the day. Finally, Cone contends that the ALJ erred in determining Cone's RFC and his ability to perform light work. The court addresses the objections in turn, finding each without merit.

Before turning to the substance of this case, the court must first address a procedural issue raised by the Commissioner. In reply to Cone's objections, the Commissioner argues that Cone failed to raise specific objections to the R&R because he merely reiterates to this court arguments that were raised in front of, and rejected by, the Magistrate Judge. In so arguing, the Commissioner relies of <u>Nicholas v. Colvin</u>, which states that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." 100 F. Supp. 3d 487, 497 (E. D. Va. Mar. 13, 2015); ECF No. 28 at 3. The Commissioner's argument on this point is without merit.

Within fourteen days after being served with a copy of the Magistrate Judge's proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(2). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." <u>United States v. Midgette</u>, 478 F.3d 616, 621 (4th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)) (internal quotation marks omitted). Courts will not find specific objections where parties "merely restate word for word or rehash the same arguments presented in [their] filings related to summary judgment." <u>Abou-Hussein v. Mabus</u>, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), aff'd, 414 F. App'x 518 (4th Cir. 2011). However, these cases contemplate instances in which a party presents the <u>exact</u> same argument to the district court as it

6

presented to the Magistrate Judge in cut-and-paste fashion. See id. (comparing the language of the objections to the language of the party's summary judgment motion) (emphasis added). These cases do not stand for the proposition that a party waives an argument once it is presented to and rejected by the Magistrate Judge.[2]

Here, Cone has raised specific and particularized objections to the findings of the Magistrate Judge, based on relevant points of law. The mere fact that Cone presented similar arguments to the Magistrate Judge does not mean that he is precluded from objecting to her findings on those issues. Such a procedural rule would have the confusing effect of encouraging parties not to argue disputed points of law in front of the Magistrate Judge. Moreover, the rule would be antithetical to the court's duty to undertake a de novo review of R&Rs. See Mathews v. Weber, 423 U.S. at 270-71. Therefore, the court will review de novo the findings of the R&R to which Cone asserts specific and particularized objections.

### A. Substantial Evidence Standard

Cone argues that "[t]he Magistrate [Judge] has mis-applied [sic] the rule of substantial evidence." ECF No. 21 at 1. The "rule of substantial evidence" is the standard that guides a federal court's review of an ALJ's factual findings. In other words, the substantial evidence standard guides a Magistrate Judge through most of her analysis. Discussed above, objections to an R&R must be "specific and particularized;"

---

[2] In fact, the opposite is true. A district court "is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report." Dune v. G4s Regulated Sec. Sols., Inc., 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) (collecting cases). Precluding an objecting litigant from raising arguments that she has previously presented to the Magistrate, while also precluding arguments that she has not presented to the Magistrate, would leave that party with no arguments.

7

generalized objections that cover great swaths of a Magistrate Judge's findings do not warrant district court review. Midgette, 478 F.3d at 621 (citing 28 U.S.C. § 636(b)(1)). Therefore, the court will only address this generalized objection to the R&R as it relates to the specific and particularized objections Cone asserts, discussed below.

### B. Evidence of Leg Elevation

Next, Cone contends that the R&R erred in finding that "[Cone] has failed to identify any medical evidence of record requiring him to elevate his legs for any specific amount of time each day." ECF No. 20 at 26–27. Cone contends that the ALJ wrongfully failed to consider Cone's alleged symptom of having to elevate his legs eight hours daily. Cone's objection relates to the ALJ's determination of Cone's RFC and his ability to perform light work. The objection is without merit.

A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545. The ALJ, in determining a claimant's RFC, must consider all of the relevant evidence in the trial record, including but not limited to the claimant's medical history, objective medical evidence (such as laboratory findings), effects of treatment, reports of activities of daily living, lay evidence, evidence of pain, and work evaluations. SSR 96-8P, 1996 WL 374184 at *5. The Social Security Rulings specifically state that an "RFC assessment must always consider and address medical source opinions" and where the assessment conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." Id.

Under these regulations, the determination of whether a person is disabled because of an alleged symptoms is a two-step process. First, there must be objective medical evidence showing

generalized objections that cover great swaths of a Magistrate Judge's findings do not warrant district court review. Midgette, 478 F.3d at 621 (citing 28 U.S.C. § 636(b)(1)). Therefore, the court will only address this generalized objection to the R&R as it relates to the specific and particularized objections Cone asserts, discussed below.

### B. Evidence of Leg Elevation

Next, Cone contends that the R&R erred in finding that "[Cone] has failed to identify any medical evidence of record requiring him to elevate his legs for any specific amount of time each day." ECF No. 20 at 26–27. Cone contends that the ALJ wrongfully failed to consider Cone's alleged symptom of having to elevate his legs eight hours daily. Cone's objection relates to the ALJ's determination of Cone's RFC and his ability to perform light work. The objection is without merit.

A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545. The ALJ, in determining a claimant's RFC, must consider all of the relevant evidence in the trial record, including but not limited to the claimant's medical history, objective medical evidence (such as laboratory findings), effects of treatment, reports of activities of daily living, lay evidence, evidence of pain, and work evaluations. SSR 96-8P, 1996 WL 374184 at *5. The Social Security Rulings specifically state that an "RFC assessment must always consider and address medical source opinions" and where the assessment conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." Id.

Under these regulations, the determination of whether a person is disabled because of an alleged symptoms is a two-step process. First, there must be objective medical evidence showing

the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. §§ 416.929(b), 404.1529(b). An ALJ need only afford great weight where subjective complaints are consistent with objective medical evidence of record. 20 C.F.R. § 404.1529(b). As the Fourth Circuit has explained, under the second step,

> the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affects her ability to work, must be evaluated. See 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about her [symptoms], but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, see id.; any objective medical evidence of [symptoms] . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the [symptoms], and any medical treatment taken to alleviate it, see 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

Craig, 76 F.3d at 595. The decision of the ALJ "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3P, 2017 WL 5180304 at *10.

At his hearing in front of the ALJ, Cone testified that as a symptom of his ankylosing spondylitis and edema[3], he is forced to elevate his feet above his chest for eight hours, on average, a day. See Tr. 43. Cone argues that the ALJ failed to properly consider this evidence and objects to the R&R's finding that Cone "failed to identify any

---

[3] In addition to (and possibly as a result of) his ankylosing spondylitis, Cone is also limited by edema, or the significant swelling, of his lower extremities. The ALJ determined that this condition was not "severe" under 20 CFR § 404.1520(c). However, the ALJ, as was required, considered this condition in determining Cone's RFC.

medical evidence of record requiring him to elevate his legs for any specific amount of time each day." ECF No. 20 at 26–27. In his objection, Cone cites to only one medical record to support his alleged symptom[4]: an appointment "progress note" by Dr. Adam J. Keefer, which states, in relevant part, "I do think [Cone's] venous hypertension as is [sic] affecting his daily life and his ability to be active. He will continue to elevate his legs, were [sic] compression therapy, use NSAIDs for pain control." Tr. 451. While this note provides some evidence that Cone does, in fact, elevate his legs on a regular basis, it is not objective medical evidence of record that supports a conclusion that Cone is forced to elevate his legs for up to eight hours each day. To be sure, there is objective medical evidence in the record that shows the Cone suffers from edema in his legs. However, the R&R is correct that there is no medical evidence—that is, "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques"[5]—in the record that requires or even advises Cone to elevate his legs for a daily amount of time that would render him unable to perform light work.

Moreover, the ALJ considered Cone's alleged symptoms and articulated why his decision strayed from that subjective evidence, beyond the mere absence of objective medical evidence. In his decision the ALJ noted that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if the claimant's symptoms limit [his] ability to do work-related activities."

---

[4] Although Cone's objection cites to other portions of the record, those portions reveal only Cone's subjective complaints of having to elevate his legs, not objective medical evidence.

[5] 20 C.F.R. § 404.1529(c)(2).

10

Tr. 21. The ALJ articulated his reliance on evidence in the record, which led to his decision to afford Cone's alleged symptom little weight. For example, the ALJ relied upon physical examination reports (Tr. 342–43, 354–55, 360–61), positive responses to treatment (Tr. 273, 340, 352, 358, 392), the conservative treatment strategy for Cone's edema (Tr. 454), the relatively recent onset of his edema, and potential treatment options (Tr. 391). Therefore, the court agrees with R&R's finding that Cone failed to produce objective medical evidence of his alleged symptom and finds that the ALJ's decision to afford that symptom little weight is supported by the substantial evidence. Thus, the ALJ's finding that Cone has the RFC to perform "light work" is supported by the substantial evidence.

Within this objection, Cone asserts two additional, unsupported objections. First, Cone suggests that "a vocational expert could have clarified how a need to elevate one's legs for any period of time during the workday would affect the number and availability of jobs . . . but the ALJ did not see fit to solicit this testimony." ECF No. 21 at 3 (ellipses in original). Cone's objection does not specifically argue that the ALJ erred. Moreover, Cone cites to no law at all, let alone law that might establish that the ALJ's failure to consult a vocational expert in that instance constitutes error. Likewise, the court can find no such law and therefore rejects this objection.

Second, Cone asserts that Cone's edema "required consideration as a severe impairment at Step Two and beyond." ECF No. 21 at 3. Again, Cone's argument lacks both a specific assertion of error and supporting law. Further, Cone failed to raise this argument, or any variation thereof, in front of the Magistrate Judge. "The Court is also not obligated to consider new arguments raised by a party for the first time in objections

to the Magistrate's Report." Dune v. G4s Regulated Sec. Sols., Inc., 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) (citing Doe v. Chao, 306 F.3d 170, 183 (4th Cir.2002) and collecting cases).[6] Therefore, the court rejects this objection.

**C. Evidence of Activities of Daily Living**

Finally, Cone argues that the R&R erred in finding that Cone's "ability to do a few light chores equates to an ability to perform full-time light work, which requires an ability to stand and walk for six hours a day." ECF No. 21 at 4.

The regulations state that light work:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567.

In support of his argument, Cone relies on Carter v. Colvin, 2:14-cv-2107-DCN (D.S.C. Jan. 20, 2016), ECF No. 23. This reliance is misplaced. In that case, the Magistrate Judge found that the ALJ's finding of no disability was not supported by the substantial evidence because the ALJ relied solely on a "lack of medical evidence and extensive activities of daily living to conclude that the Plaintiff was not fully credible."

---

[6] Moreover, the court finds this argument substantively unconvincing. Discussed above, the ALJ articulated several reasons, grounded in the evidentiary record, for his finding that Cone's RFC was "not substantially reduced due to his edema." Tr. 24. Thus, the court finds that the ALJ's failure to recognize Cone's edema as a severe condition at step two is supported by the substantial evidence.

Id. (internal quotation marks omitted). Here, however, the ALJ articulated several reasons, complete with citations to the evidentiary record, for his finding that Cone's RFC allows him to perform "light work." Those reasons are discussed above. As further justification for his determination, the ALJ cited several of Cone's activities of daily living—his good functional capacity in general (Tr. 24); his ability to bend over and pick up a coin (Tr. 24, 45–46); his capacity to drive himself (Tr. 24, 35, 47); and his ability do laundry, perform light cleaning activities, and put away groceries (Tr. 24, 40, 52–53). To be sure, had the ALJ relied solely on these activities of daily living to determine that Cone could perform light work, his decision would not be based on the substantial evidence. However, Cone's activities of daily living are just one of the categories of evidence on which the ALJ relied to determine Cone's RFC and his ability to perform light work. Because the ALJ's determination reflects the substantial evidence, the court will not reverse it.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**January 22, 2020**
**Charleston, South Carolina**